UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BREAKING GLASS PICTURES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 13-10735-PBS |
| ) | |
| SWARM SHARING HASH FILE SHA1: ) | |
| 973F491D02C1E0220DBC534D8F8EDC15FC53FAEF; ) | |
| and DOES 1 through 91, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
EMERGENCY EX PARTE MOTION FOR EARLY DISCOVERY

May 1, 2013

SOROKIN, C.M.J.

Plaintiff Breaking Glass Pictures has filed an ex parte motion for early discovery for the sole purpose of identifying the ninety-one "Doe" defendants listed in the complaint. Specifically, the plaintiff seeks authority to: (i) subpoena subscriber information from seven Internet Service Providers ("ISPs"); and (ii) serve interrogatories and depositions notices on the individuals identified by the ISPs "to determine whether or not the actual Internet subscriber is a proper defendant in this action." Doc. No. 5 at 1. At a hearing on the plaintiff's motion, the Court questioned whether the ninety-one Does are properly joined as defendants in this action. Upon consideration of the plaintiff's motion, along with its oral argument and written submissions regarding the issue of joinder, I recommend: (i) the plaintiff's claims against the Doe defendants be SEVERED; (ii) the claims against Does 2 through 91 be DISMISSED without prejudice; and (iii) the plaintiff's ex parte discovery motion be ALLOWED in part and DENIED in part.

I.     BACKGROUND

The plaintiff is the registered owner of the copyright to a horror film entitled "6 Degrees of Hell" ("the Film").  Doc. No. 1 at ¶ 1; see IMDb, 6 Degrees of Hell, http://www.imdb.com/title/tt2002789/ (last visited Apr. 25, 2013).  On March 29, 2013, the plaintiff sued ninety-one unknown defendants who are identified only by Internet Protocol ("IP") addresses they allegedly used to illegally download the Film.  Doc. No. 1 at ¶¶ 17-289.  The plaintiff asserts claims of copyright infringement in violation of 17 U.S.C. § 501, contributory copyright infringement, and civil conspiracy.  Id. at ¶¶ 93-113.[1]

In its complaint, the plaintiff alleges the defendants acted "in a collective and interdependent manner" to unlawfully reproduce and distribute the Film using a peer-to-peer file-sharing protocol called BitTorrent.  Id. at ¶¶ 2, 290.  BitTorrent enables its users to download and upload digital versions of motion pictures and other data from one another via "swarms," which are identified by unique "hash code" identifiers.  Id. at 290-94.  The sharing of a file begins with a single uploader, who makes the file available to the swarm.  Id. at ¶ 295.  As other users in the swarm download the file, each becomes an uploader as well, with subsequent generations of downloaders receiving pieces of the file from every other user in the swarm who previously has downloaded all, or part, of the file, and who is connected to BitTorrent at that moment in time.  Id. at ¶¶ 296-98; see Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 448 (D. Mass. 2011) (providing a more detailed explanation of BitTorrent).  According to

---

[1]The paragraphs of the Complaint are misnumbered.  On page 39, they jump from ¶ 313 back to ¶ 92, then continue sequentially and end at ¶ 113.  This citation is to the paragraphs within the listed Counts on pages 39 through 43, which should be numbered ¶¶ 315-35.

the plaintiff, each Doe defendant was part of the same swarm,[2] id. at ¶¶ 11, 303, and each publicly distributed the Film at some point in time, id. at ¶ 299.

This case is not unique. The plaintiff's allegations here mirror those made in what has been described as "a 'nationwide blizzard' of copyright infringement actions" arising from the use of BitTorrent. Patrick Collins, Inc. v. Does 1-38, No. 12-cv-10756, Doc. No. 21 (D. Mass. Feb. 19, 2013), approved and adopted, Doc. No. 24 (D. Mass. Mar. 19, 2013) (quoting In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *1 (E.D.N.Y. May 1, 2012)). Although the "blizzard" originated in lawsuits brought by companies in the adult film industry, it has expanded to include actions by companies holding copyrights to motion pictures in other genres as well. See, e.g., NGN Prima Prods., Inc. v. Swarm Sharing Hash File, No. 12-cv-11878-JCB, Doc. No. 12 at 4 (D. Mass. Nov. 15, 2012). Indeed, the plaintiff in this action recently has generated its own flurry of litigation, filing at least thirty-two nearly identical actions against a total of 2,548 unknown defendants in federal courts across the country during the past few months.[3] Each action involves the same Film, and seventeen of them include a total of 1,918

---

[2] The swarm's hash code was: SHA1:973F491D02C1E0220DBC534D8F8EDC15FC53FAEF ("the Shared Hash"). Doc. No. 1 at ¶ 11.

[3] Four actions are pending in this District, each before a different session of the Court: No. 13-cv-10732-JLT (5 Does); No. 13-cv-10733-MBB (15 Does); No. 13-cv-10734-RGS (64 Does); and this action.
  Nine actions are pending in the Northern District of Ohio: No. 13-cv-800 (8 Does); No. 13-cv-801 (99 Does); No. 13-cv-802 (99 Does); No. 13-cv-803 (99 Does); No. 13-cv-804 (99 Does); No. 13-cv-805 (99 Does); No. 13-cv-806 (84 Does); No. 13-cv-807 (19 Does); and No. 13-cv-808 (26 Does).
  Eight actions are pending in the Southern District of Ohio: No. 13-cv-389 (99 Does); No. 13-cv-390 (99 Does); No. 13-cv-391 (99 Does); No. 13-cv-392 (99 Does); No. 13-cv-393 (99 Does); No. 13-cv-394 (14 Does); No. 13-cv-395 (36 Does); and No. 13-cv-396 (25 Does).
  Three actions are pending in the Eastern District of Tennessee: No. 13-cv-75 (283 Does);

defendants from the specific BitTorrent swarm at issue here (as identified by the Shared Hash).

As actions such as this one recently have worked their way through federal courts across the nation, certain recurring legal questions have arisen. One involves the question of joinder, and it warrants consideration here before proceeding to evaluate the plaintiff's pending ex parte discovery motion.

II.     JOINDER

The Court raised this issue sua sponte. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party."). The plaintiff has submitted a memorandum of law on the same issue in a related matter pending before Judge Stearns, see Civil Action No. 13-cv-10734-RGS, Doc. No. 10, and has supplemented that memorandum in this action. The Court has reviewed both memoranda. Besides asserting joinder is permissible based on the Doe defendants' allegedly concerted action to infringe the plaintiff's copyright, the plaintiffs contend severance is unnecessary (because the concern about coercive settlement practices in cases involving pornographic films is, in the plaintiff's view, absent here) or, at least, premature (because consolidation for discovery will promote judicial economy). See Doc. No. 14; Doc. No. 10, Breaking Glass Pictures v. Swarm Sharing Hash File, No. 13-cv-10734 (D. Mass.). The latter two arguments are unpersuasive.

Rule 20 of the Federal Rules of Civil Procedure provides that "[p]ersons . . . may be

---

No. 13-cv-76 (283 Does); and No. 13-cv-77 (13 Does).
    Two actions are pending in the District of Arizona: No. 13-cv-599 (117 Does); and No. 13-cv-600 (45 Does).
    Five actions are pending in the Northern District of Georgia: No. 13-cv-882 (99 Does); No. 13-cv-883 (66 Does); No. 13-cv-886 (48 Does); No. 13-cv-888 (13 Does); and No. 13-cv-890 (16 Does).
    One action is pending in the Eastern District of Missouri: No. 13-cv-388 (188 Does).

joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The rule, however, goes on to provide for "protective measures," permitting courts to "issue orders – including an order for separate trials – to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b). In addition, under Rule 21, courts retain the discretion to sever defendants "on just terms," whether properly or improperly joined.

Numerous federal courts have severed plaintiffs' claims against Doe defendants in cases such as this one. See, e.g., Breaking Glass Pictures, LLC v. Does 1-99, No. 13-cv-882, Doc. No. 6 (N.D. Ga. Apr. 12, 2013) (severing and dismissing all but one Doe defendant in each of five cases brought by the same plaintiff related to the same copyrighted film at issue here). The several sessions of this Court to have considered and resolved the issue to date uniformly have concluded that severance is appropriate. Some have done so based on a finding that joinder is impermissible under Rule 20(a)(2)(A), i.e., that the claims against the various defendants did not arise from the same transaction or occurrence. See Breaking Glass Pictures v. Swarm Sharing Hash File, No. 13-cv-10734, Doc. No. 11 (D. Mass. Apr. 22, 2013) (Stearns, J.);[4] Digital Sin, Inc. v. Does 1-45, No. 12-cv-10945, 2013 WL 1289263, at *2 (D. Mass. Mar. 28, 2013)

---

[4]Judge Stearns's case was filed concurrently with this action, involved the same plaintiff and the same copyrighted film, and presented the same arguments regarding the joinder issue. Judge Stearns similarly found misjoinder in an earlier case involving an adult film. See New Sensations, Inc. v. Does 1-201, No. 12-cv-11720, 2012 WL 4370864, at *1 (D. Mass. Sept. 21, 2012).

(O'Toole, J.); PW Prods., Inc. v. Does 1-19, No. 12-cv-10814, 2012 WL 5464217, at *3-4 (D. Mass. Nov. 5, 2012) (Saylor, J.). Others have concluded that joinder, even if permissible, is inappropriate based on the considerations identified in Rule 20(b). See Patrick Collins, Inc. v. Does 1-38, No. 12-cv-10756, Doc. No. 21 (D. Mass. Feb. 19, 2013) (Dein, M.J.), approved and adopted, Doc. No. 24 (D. Mass. Mar. 19, 2013) (Gorton, J.); Media Prods., Inc. v. Does 1-64, No. 12-cv-30083, Doc. No. 41 (D. Mass. Feb. 7, 2013) (Boal, M.J.), approved and adopted, Doc. No. 43 (D. Mass. Mar. 14, 2013) (Ponsor, J.); Third Degree Films v. Does 1-47, 286 F.R.D. 188, 196-98 (D. Mass. 2012) (Young, J.).[5]  Because the reasoning adopted in this latter group of decisions is persuasive and applies with equal force to this case, the Court need not chose a side with respect to whether joinder is permissible under Rule 20(a)(2).

Three considerations are especially persuasive here, and none of them are impacted by the genre of the film.  First, contrary to the plaintiff's suggestion, joinder of the Doe defendants is not likely to promote judicial efficiency.  As numerous other courts have noted, the claims against each defendant are likely to turn on individual defenses (e.g., "my wireless internet service is not password protected," "I didn't watch it, my adolescent child did," or "that is not my IP address"), and each will require a separate "mini-trial."  See, e.g., Third Degree Films, 286 F.R.D. at 196.  Second, joinder would transform an otherwise straightforward case into a logistical nightmare.  For example, each defendant would be required to serve any motion or other submission on the ninety other defendants, and all ninety-one defendants would have a

---

[5] Judge Woodlock also has severed and dismissed claims against all but one Doe defendant in a similar case, although it is unclear whether he based his decision on Rule 20(a)(2) or (b).  See Celestial, Inc. v. Does 1-28, No. 12-cv-10948, Doc. Nos. 20, 22 (D. Mass. Oct. 23, 2012) (electronic clerk's notes reflecting severance and transcript discussing decisions by Judges Stearns and Young, but not specifying the basis for severance).

right to be present at any deposition or court proceeding. See id. at 196-97. If consolidation of certain pretrial proceedings were deemed appropriate, it could be accomplished via Rule 42(a), after the institution of individual actions against each defendant. See id. at 197. Finally, severance would ensure that the plaintiff will pay the required $350 filing fee for each defendant. 28 U.S.C. § 1914(a). The filing fee is both a "revenue raising measure" and "a threshold barrier" against the filing of meritless lawsuits. Third Degree Films, 286 F.R.D. at 198-99. Those "two salutary purposes" are undermined by joinder in cases such as this one.[6] Id.

Accordingly, the causes of action against each Doe defendant should be severed, and the claims against Does 2 through 91 should be dismissed without prejudice to the plaintiff filing separate actions against each individual Doe. This action – and the forthcoming recommendation regarding the plaintiff's pending discovery motion – should proceed only with respect to Doe 1.

III.    EARLY DISCOVERY

The plaintiff's pending motion requests permission to serve a subpoena, pursuant to Rule 45, on Verizon Online LLC ("Verizon") seeking the following information for the internet subscriber affiliated with the IP address allegedly used by Doe 1: name, address (current and at the time of the infringement), telephone number, E-mail address, and MAC address. Doc. No. 6 at 1; Doc. No. 6-1 at 1 (listing Verizon as the ISP associated with the IP address used by Doe 1).

---

[6] Judge Dein has noted that courts across the country have suffered substantial revenue losses as a result of plaintiffs' efforts to join tens, or even hundreds, of Doe defendants in copyright infringement cases. Patrick Collins, Inc., No. 12-cv-10756, Doc. No. 21 at 24. Indeed, the plaintiff here has avoided more than $30,000 in filing fees in this action alone by suing ninety-one defendants together. By suing a total of 175 defendants in the four actions pending in this district, the plaintiff has avoided nearly $60,000 in filing fees. And taking an even broader view, the plaintiff has avoided $880,600 in filing fees nationwide by suing a total of 2,548 defendants in only 32 actions.

The motion also requests permission to propound limited interrogatories and a deposition notice on the individual identified by Verizon. Id. At the hearing on the motion, through counsel, the plaintiff abandoned its requests for the MAC address, interrogatories, and a deposition. Because good cause supports the plaintiff's request, at least insofar as it seeks the relevant subscriber's name and address, it should be allowed.

Pursuant to Rule 26(d), "[e]xcept . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." In order for a party to obtain expedited discovery before a Rule 26(f) conference, it must show good cause exists to justify such discovery. See Fed. R. Civ. P. 26(b)(1). Although the First Circuit has not addressed the proper standard for determining whether good cause exists for expedited discovery, judges of this Court have allowed it in cases where plaintiffs seek to identify unknown defendants. See, e.g., Discount Video Ctr., Inc. v. Does 1-29, 285 F.R.D. 161, 163 (D. Mass. 2012) (Sorokin, C.M.J.); McMann v. Doe, 460 F. Supp. 2d 259, 265-66 (D. Mass. 2006) (Tauro, J.).

Here, there is good cause for early discovery because the plaintiff has no other means of identifying the proper defendant. Moreover, counsel has averred that, notwithstanding the plaintiff's hope that prompt settlement will be achieved in this action, the plaintiff intends to substitute a named defendant for Doe 1 after receiving the necessary identifying information from Verizon. The plaintiff does not, however, require telephone numbers and E-mail addresses associated with the relevant IP address in order to identify the proper defendant. The name and addresses (both current and at the time of the alleged infringement) are sufficient to accomplish the plaintiff's objective of identifying Doe 1. Accordingly, the plaintiff should be permitted to

subpoena only that limited information from Verizon.

As in other cases of this nature, it is appropriate to define the procedure by which the plaintiff may serve its Rule 45 subpoena here. First, the plaintiff shall attach to its Rule 45 subpoena the Court Directed Notice Regarding Issuance of Subpoena ("the Notice") attached hereto as Exhibit A.[7] Second, the Rule 45 subpoena shall direct Verizon to provide a copy of the Notice to the relevant subscriber within seven days of service of the subpoena. Third, the Rule 45 subpoena shall be served within twenty-one days of the District Judge's order adopting this Report and Recommendation. Fourth, the subscriber shall have twenty-one days after service of the subpoena on Verizon to file, either through counsel or pro se, any motions seeking to quash, modify, or otherwise object to the subpoena. Any pro se filings can be mailed to the Court following the directions contained in the Notice. Fifth, the plaintiff shall have fourteen days from the date of service of any such motion to file a response thereto. Finally, Verizon shall preserve the information sought by the Rule 45 subpoena, but shall not produce it, until further order of the Court.

IV. CONCLUSION

Accordingly, I respectfully recommend that the Court exercise its discretion pursuant to Rules 20(b) and 21 and sever the defendants, permitting this action to continue as to Doe 1, and dismissing the plaintiff's claims against Does 2 through 91 without prejudice to the plaintiff filing separate, individual complaints against each of the Doe defendants. I further recommend that the plaintiff's ex parte motion for early discovery be allowed subject to the following

---

[7]Exhibit A is substantially similar to the notice proposed by the plaintiff, with modifications made in order to reflect the fact that the information sought has been limited in scope, and the pending case has been reduced to a single defendant.

limitations:

1) The plaintiff may issue a Rule 45 subpoena to Verizon Online LLC seeking only the name and address (both present and at the time of the alleged infringement) of the subscriber on the account linked to Doe 1;

2) The plaintiff must serve the subpoena within twenty-one days of the Court's order adopting this Report and Recommendation, along with a copyof the Notice attached to the Report and Recommendation as Exhibit A;

3) The subpoena shall direct Verizon to provide a copy of the Notice to its subscriber within seven days of service of the subpoena;

4) The subscriber who is the subject of the subpoena shall have twenty-one days after service of the subpoena on Verizon to file a motion to quash and/or modify the subpoena, a motion for a protective order, or any other motion related to the subpoena;

5) If such a motion is filed, the plaintiff shall have fourteen days from the date of its service to file a response thereto; and

6) Verizon shall preserve any subpoenaed information, but shall provide no identifying information to the plaintiff until further order of the Court.

In all other respects, I recommend the plaintiff's motion be denied.[8]

    /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[8] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

**EXHIBIT A**

**COURT DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

A subpoena has been sent to your Internet Service Provider, Verizon Online LLC ("Verizon"), requiring the disclosure of your name and address. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Massachusetts, Docket No. 1:13-cv-10735-PBS.

The plaintiff has filed a lawsuit alleging that someone has infringed its copyrights by illegally downloading and/or distributing the motion picture "6 Degrees of Hell" ("the Motion Picture"). The plaintiff has requested from Verizon the subscriber name and other identifying information for the Internet Protocol address ("IP address") associated with the alleged activity.

The plaintiff has filed its lawsuit against an anonymous "Doe" defendant and issued a subpoena to Verizon to determine the identity of the defendant. If you are receiving this notice, the plaintiff has asked Verizon to disclose your name and address (current and at the time of the alleged infringement). Enclosed is a copy of the subpoena seeking your information and an exhibit page containing the IP address associated with your account and showing the date and time it is alleged that an IP address associated with your account was used to access the Internet and download and/or distribute the Motion Picture.

You or your counsel have until [twenty-one days after service of subpoena] to file responsive documents to the subpoena, such as a motion to quash and/or modify the subpoena, a motion for a protective order, or any other motion related to the subpoena. If you appear without counsel, you may file any motions by mailing them to U.S. Magistrate Judge Leo T. Sorokin, U.S. District Court, One Courthouse Way, Boston, MA 02210, Attn: Maria Simeone. Any submissions should clearly indicate the docket number, 13-cv-10735.

Please be advised that Verizon does not represent you in this matter and will not provide any legal advice. If you have legal questions about this matter, you may contact an attorney. The organizations listed below provide guidance on how to find an attorney:

**American Bar Association**
http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

**Massachusetts Bar Association**
http://www.massbar.org
Lawyer Referral Service: (617) 654-0400

**Boston Bar Association**
http://www.bostonbar.org
Lawyer Referral Service: (617) 742-0625, or Toll Free at (800) 552-7046